UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **PROGRESSIVE SPECIALTY INSURANCE COMPANY,** | } } } |
| Plaintiff, | } } Case No.: 7:24-cv-0974-RDP |
| v. | } } |
| **WILLIE RICHARDSON,** | } } |
| Defendant. | } |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff Progressive Specialty Insurance Company's ("Progressive") Motion for Default Judgment. (Doc. # 23). Progressive seeks entry of default declaratory judgment against Defendant. (*Id.*). After careful consideration, the court concludes that Progressive's Motion is due to be granted.

### I.   Background

On July 19, 2024, Progressive filed its Complaint seeking a declaratory judgment that Progressive does not have any insurance coverage duties, either to defend or potentially indemnify, Defendant in the claim and lawsuit pending against him for injuries or damages allegedly suffered by Estefania Aragones, as pending in the Supreme Court of the State of New York, County of Queens, Index No. 709644/24. (Doc. # 1).

In its Complaint, Progressive alleges that in New York on or about May 12, 2021, a vehicle owned by Defendant struck a pedestrian, Estefania Aragones ("Aragones"), causing serious and severe injuries. (*Id.* ¶ 3). According to Progressive, Aragones filed a lawsuit in the Supreme Court of the State of New York, County of Queens, Index No. 709644/24, seeking damages from Defendant based upon alleged negligence in the operation of that vehicle. (*Id.* ¶ 4).

The vehicle which allegedly struck Aragones was a 2015 Nissan Pathfinder, with a VIN of 5N1AR2MM5FC717516. (*Id.* ¶ 5). Progressive alleges that title documentation from the Alabama Department of Revenue, Motor Vehicle Division for the State of Alabama, reflects that Defendant was the owner of that vehicle, had purchased it on July 4, 2018, and obtained title to it on July 17, 2018. (*Id.* ¶ 6).

Progressive alleges that at the time of the alleged incident on May 12, 2021, Progressive had in place an Alabama Auto Policy issued to Defendant, Policy No. 937522831. (*Id.* ¶ 7). Progressive further alleges that the Alabama Auto Policy insured four vehicles, but did not list as an insured vehicle the 2015 Nissan Pathfinder, VIN 5N1AR2MM5FC717516. (*Id.*). Progressive alleges that Defendant did own, and had insured, a 2015 Nissan Pathfinder, but it was a different one, with the VIN 5N1AR2MNXFC686286. (*Id.*). According to Progressive, under the auto insurance policy, liability coverage could only be extended to Defendant for an accident arising out of the ownership, maintenance, or use of a covered auto. (*Id.* ¶ 8). Progressive alleges that the term "covered auto" is defined in the insurance policy to mean any auto shown on the Declarations Page, any additional auto, any replacement auto, or a trailer owned by the insured, as those terms are defined in the Alabama Auto Policy. (*Id.*).

Progressive alleges that the vehicle involved in the alleged May 12, 2021 accident would not qualify as a "covered auto" because it was not shown on the Declarations Page for the coverages under that policy. (*Id.* ¶ 9). Progressive further alleges that the vehicle would not qualify as an "additional auto" because Defendant had owned it for nearly three years, but had never sought coverage from Progressive for it. (*Id.*). And, Progressive alleges that the vehicle would not qualify for coverage as a "replacement auto" because it did not permanently replace any automobile on the Declarations Page. (*Id.*). Progressive further alleges the vehicle was not a "trailer" owned by the insured. (*Id.*)

Progressive contends the liability coverage under Alabama Auto Policy No. 937522831 cannot extend to defend or potentially indemnify Defendant in the case pending against him in the Supreme Court of the State of New York, County of Queens, Index No. 709644/24. (*Id.* ¶ 10). Progressive further alleges that because the auto insurance policy cannot extend to defend or potentially indemnify Defendant, then Progressive does not have liability insurance coverage to defend or indemnify Defendant for any claim or lawsuit arising out of the alleged May 12, 2021 accident. (*Id.* ¶ 11). According to Progressive, Defendant asserts that liability coverage is applicable in the case pending against him in the Supreme Court of the State of New York, County of Queens, Index No. 709644/24, but Progressive's positions is that its liability coverage is not applicable. (*Id.* ¶ 12).

After filing its Complaint, on November 15, 2024, Progressive served Defendant in person at his normal place of abode with a copy of its summons and complaint. (Doc. # 14). Despite being served, Defendant failed to answer or otherwise respond. (Doc. # 23 ¶ 6). The Clerk of Court entered default on December 17, 2024 (Doc. # 19). On that same date, a Notice of Ability to Request Pro Bono Counsel was issued to Defendant. (Doc. # 20). This notice provided that Defendant had thirty (30) days from the date of the notice to request appointment of pro bono counsel. Despite this notice, Defendant has not filed a request for appointment of pro bono counsel or otherwise responded to this action. (Doc. # 23 ¶ 8). On January 31, 2025, Progressive filed the instant Motion for Default Judgment seeking a default judgment against Defendant for the declaratory relief Progressive seeks in its Complaint. (Doc. # 23).

## II.     Standard of Review

When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). However, entry of default judgment is only appropriate when there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace*

*Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citation omitted). Under this standard, the complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face, similar to that of a motion to dismiss under Rule 12(b)(6). *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quotation marks omitted).

### III.  Analysis

Progressive seeks a declaratory judgment that it does not owe any liability insurance coverage duties to defend or indemnify Defendant in the underlying case in the Supreme Court of the State of New York, County of Queens, Index No. 709644/24 under the Alabama Auto Policy issued to Defendant, Policy No. 937522831. (Doc. # 23).

The federal Declaratory Judgment Act limits relief to actual cases or controversies. *A&M Gerber Chiropractic LLC v. GEICO General Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019). "'That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests.'" *Id.* (quoting *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985)). "In order to demonstrate that there is a case or controversy that satisfied Article III's standing requirement when a plaintiff is seeking declaratory relief – as opposed to seeking damages for past harm – the plaintiff must allege facts from which it appears that there is a 'substantial likelihood that he will suffer injury in the future.'" *Id.* at 1210-11 (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)).

In support of its Complaint, Progressive attached the Alabama Auto Policy issued to Defendant, which lists the vehicles insured by Progressive. (Doc. # 1-4). The attachment provides an "Outline of coverage" and lists the vehicles covered by the policy. (*Id.* at 1). The vehicles listed under the "Outline of coverage" are the following: 2015 Nissan Pathfinder 4 Door Wagon (VIN: 5N1AR2MNXFC688286); 2005 Chevrolet Impala 4 Door Sedan (VIN: 2G1WF52E259169134); 1998 GMC Sierra C1500/K1500 Pickup (VIN: 1GTEK14R0WE518250); and a 2006 Mercury Mountaineer 4 Door Wagon (VIN: 4M2EU48826UJ04710). (*Id.* at 1-2). Although a Nissan Pathfinder is listed, its VIN number does not match that of the Nissan Pathfinder that was allegedly involved in the accident on May 12, 2021 and has the alleged VIN: 5N1AR2MM5FC717516. (Doc. # 23 ¶ 7).

These allegations, which are now admitted based on Defendant's default, are sufficient to establish that Progressive does not have liability insurance coverage duties either to defend or indemnify Defendant under the Alabama Auto Policy issued to Defendant, Policy No. 937522831.

**IV.    Conclusion**

For the reasons explained above, Progressive's Motion for Default Judgment (Doc. # 23) is due to be granted. A separate order entering judgment in Progressive's favor will be entered contemporaneously.

**DONE** and **ORDERED** this February 5, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE